UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-03868 (UNA) |
| ) | |
| ) | |
| PARK PLACE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who appears to be domiciled in New York, sues over a dozen defendants, but fails to provide the full names for all of them, or the full addresses for any of them, in contravention of D.C. Local Civil Rule 5.1(c), and it is unclear what connection many of the defendants have with one another, or to plaintiff's intended claims. *See* Compl. at 1–4.

The allegations themselves fare no better. Plaintiff first alleges that she applied for a job with defendant "Park Place," which appears to be an apartment complex in Minnesota, and that since that time, she has been "stalked" by Park Place employees throughout the country. *See id*. at 4. Second, she alleges that she has "had to make numerous car repairs since October 2020." *Id.* Third, she contends that she has "had to travel a few different places since March 2023" and in doing so, she has "encountered smoke detectors at a few places that were not for [her] but [she] feel[s] it is harassment & there was a possible crime that happened in 1/2012 that [she] witnessed

at a Target parking ramp along with someone else." *Id.* Plaintiff cites, without explanation, to several facially inapplicable federal civil and criminal statutes, *see id.* at 3, and demands an injunction against defendants, along with unspecified damages, *see id.* at 4.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.  Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Second, even if plaintiff's intended claims were more coherent, and she had otherwise complied with the applicable Rules of Procedure, she has not established venue in the District of Columbia.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a

substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, as pleaded, none of the parties are located in the District of Columbia, and there is absolutely no connection between plaintiff's allegations and this District.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 8, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge